IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:   JOEL C. GROSHONG                                    CHAPTER 11
         Debtor                                              CASE NO. 11-02179-KMS

**MOTION TO SELL REAL PROPERTY OF THE
DEBTOR-IN-POSSESSION, FREE AND CLEAR OF LIENS,
CLAIMS AND INTERESTS OUTSIDE THE ORDINARY COURSE OF BUSINESS**
(1103 Elm Street, Forest Grove, Oregon 97116)

COMES NOW, the Debtor-in-Possession, Joel C. Groshong (the "Debtor"), and files this, his Motion to Sell Real Property of the Debtor-in-Possession, Free and Clear of Liens, Claims and Interests Outside the Ordinary Course of Business (the "Sale Motion") and in support thereof would show as follows, to-wit:

1.   This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§157 and 1334; 11 U.S.C. §§105, 361, 363, 365, 1107 and related statutes and rules, as well as various orders of reference. This is a core proceeding.

2.   On June 20, 2011(the "Petition Date"), the Debtor filed his Voluntary Petition for reorganization with this Court under Chapter 11 of the Bankruptcy Code. The Debtor is continuing to operate as Debtors-in-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code. To date, no trustee, examiner or official committee has been appointed in this case.

3.   In the exercise of the Debtor's best business judgment, the Debtor has made the business judgment decision to liquidate some of his assets in an effort to generate cash to pay the indebtedness of creditors. Specifically, the Debtor owns a house and one tax lot (approximately 1 acre) of real property located at 1103 Elm Street, in Forest Grove, Oregon, in Forest Grove, Oregon (the "Real Property") which he desires to sell. A copy of the property description is attached as Exhibit "A".

4. The Real Property is presently being held by the Debtor.

5. Indymac Mortgage Services ("Indymac") holds the first and only lien on the Real Property. There also are delinquent taxes which will be paid from the sales proceeds.

6. The Debtor is seeking a potential buyer for the Real Property for the price of $100,000.00. All liens and claims of Indymac will attach to the sales proceeds, as well as any delinquent taxes. The remaining sales proceeds will be deposited into an escrow account on behalf of the Debtor, less reasonable estimates for Debtor's professionals fees and expenses which shall be "surcharged" against the sales proceeds, in such amounts as allowed by the Court.

7. The Debtor represents to creditors and parties-in-interest that the sale of the Real Property is in the best interests of the estate, his creditors and parties-in-interest. The purchase price, as described herein, is fair, reasonable and appropriate.

8. The Debtor seeks authority of the Court to authorize the Debtor to sign such bill of sale, transfer of title or other related documents which are reasonably necessary to consummate and close the sale of the Real Property.

9. The purchaser of the Real Property will be a good-faith purchaser and the sale will be an arm's length sale.

10. Once the Debtor has identified a good faith purchaser for the Property, and the sale has been consummated, the Debtor will file a report with the Court as to the specifics of the sale with respect to the purchaser, the amount of consideration paid for the Property and the disposition of the sales proceeds.

11. The purchase price for the Real Property shall be paid directly from the prospective purchaser. As previously noted, any "excess" funds shall be placed in a Debtor-in-

Possession, interest bearing, escrow account, which shall be established and controlled by counsel for the Debtor pursuant to the U.S. Trustee guidelines.

12. Counsel for the Debtor has had to expend a significant amount of time with respect to the Motion. Further, but for the efforts of Debtor's counsel, the Real Property could not be sold, and certainly could not be sold in as timely a fashion, thereby increasing the Debtor's "costs of carrying" the Real Property. Thus, as a result, the sale proceeds should be "surcharged" for payment of Debtor's counsel's fees and expenses associated therewith and associated with the sale of the Real Property.

13. Further, the United States Trustee (the "UST") also incurred certain fees related to the Motion. Thus, as a result, the sale proceeds should be "surcharged" for payment of the UST fees pursuant to UST guidelines to the extent distribution of the sale proceeds increases the fees of the UST.

14. Other grounds to be assigned upon a hearing hereof.

WHEREFORE, PREMISES CONSIDERED, the Debtor respectfully prays that upon a hearing hereof this Honorable Court will enter its order granting the Motion, authorizing the Debtor to sell all of Real Property, free and clear of all liens, claims and interest, with the exception of taxes. The Debtor further prays that the Debtor be authorized to execute such deeds, bills of sale or other instruments of transfer as to consummate the sale of the Real Property free and clear of all liens, claims and interest. The Debtor prays for general relief.

THIS, the 12th day of October, 2012.

Respectfully submitted,

**JOEL C. GROSHONG**

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
Craig M. Geno

OF COUNSEL:

Craig M. Geno; MSB No. 4793
Jarret P. Nichols; MSB No. 99426
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

F:\Users\Bankrupt\Groshong-Red Door\Groshong, Joel\Pleadings\Sale\1103 Elm Street\Motion.wpd

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Esq.
Office of the United States Trustee
christopher.j.steiskal@usdoj.gov

THIS, the 12th day of October, 2012.

_____
Craig M. Geno

## LEGAL DESCRIPTION

PARCEL 5: Being a part of the Donation Land Claim of Alvin T. Smith and wife, Claim No. 43 in Section 6, Township 1 South, Range 3 West of the Willamette Meridian, in the County of Washington and State of Oregon, and described as follows:

Beginning at the Southwest corner of the tract of land deeded by Alvin T. Smith and wife to Lennie Miller, said Southwest corner being the East boundary line of the County Road leading from Forest Grove to the R. R. Station of the S.P.R.R. on the Donation Land Claim and distant South 2° 10' West, 4.96 chains from the Northern boundary of said claim and from beginning corner running thence South 89° 48' East, 6.24 chains to the Southeast corner of said Miller Tract; thence South 0° 12' West, 1.59 chains; thence North 89° 48' West, 6.32 chains to the East boundary of said County Road; thence North 2° 10' East, 1.59 chains to the place of beginning.



EXHIBIT "A"