## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     JOEL C. GROSHONG                          CHAPTER 11
              Debtor                                     CASE NO. 11-02179-KMS

### AGREED ORDER

THIS CAUSE is before the Court on the *Motion to Sell Property of the Debtor-in-Possession, Free and Clear of Liens, Claims and Interests Outside the Ordinary Course of Business* (1103 Elm Street, Forest Grove, Oregon 97116) [DK #430] (the "Sale Motion") filed herein by Joel C. Groshong (the "Debtor"), and objection thereto of OneWest Bank, FSB, [DK #451] and the Court being otherwise fully advised in the premises finds as follows, to-wit:

1. This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§157 and 1334; 11 U.S.C. §§105, 361, 363, 365, 1107 and related statutes and rules, as well as various orders of reference. This is a core proceeding.

2. On June 20, 2011(the "Petition Date"), the Debtor filed his Voluntary Petition for reorganization with this Court under Chapter 11 of the Bankruptcy Code. The Debtor is continuing to operate as Debtors-in-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code. To date, no trustee, examiner or official committee has been appointed in this case.

3. In the exercise of the Debtor's best business judgment, the Debtor has made the business judgment decision to liquidate some of his assets in an effort to generate cash to pay the indebtedness of creditors. Specifically, the Debtor owns a house and one tax lot (approximately 1 acre) of real property located at 1103 Elm Street, in Forest Grove, Oregon, in Forest Grove, Oregon (the "Real Property") which he desires to sell. A copy of the property description is attached as Exhibit "A".

4. The Real Property is presently being held by the Debtor.

5. Indymac Mortgage Services ("Indymac") holds the first and only lien on the Real Property of approximately $121,000.00. There also are delinquent taxes which must be paid from the sales proceeds.

6. The Debtor believes the Property should be worth at least $121,000.00, which shall be the minimum acceptable sales price or floor price. The Debtor is authorized to market the Property for at least the floor price. In the event the Debtor secures a Purchaser for at least the floor price for the Property, he shall immediately file an Emergency Motion to approve and consummate the proposed sales transaction and ask the Court to set said Emergency Motion on an expedited basis in order to avoid the waiting period that would ordinarily be required under the circumstances.

7. Marketing of the Property is in the best interests of the estate, its creditors and parties-in-interest. The floor purchase price, as described herein, is fair, reasonable and appropriate.

8. The sale of the Property is an appropriate exercise of the Debtor's business judgment and the Debtor is authorized to market the Property.

SO ORDERED.

*Katharine M. Samson*
Katharine M. Samson
United States Bankruptcy Judge
Dated: January 8, 2013

AGREED TO AND APPROVED:

/s/Craig M. Geno                           /s/Evan J. Lundy
Craig M. Geno, Esq.                        Evan J. Lundy, Esq.
Attorney for the Debtor                    Attorney for OneWest Bank, FSB


SUBMITTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

PARCEL 5: Being a part of the Donation Land Claim of Alvin T. Smith and wife, Claim No. 43 in Section 6, Township 1 South, Range 3 West of the Willamette Meridian, in the County of Washington and State of Oregon, and described as follows:

Beginning at the Southwest corner of the tract of land deeded by Alvin T. Smith and wife to Lennie Miller, said Southwest corner being the East boundary line of the County Road leading from Forest Grove to the R. R. Station of the S.P.R.R. on the Donation Land Claim and distant South 2° 10' West, 4.96 chains from the Northern boundary of said claim and from beginning corner running thence South 89° 48' East, 6.24 chains to the Southeast corner of said Miller Tract; thence South 0° 12' West, 1.59 chains; thence North 89° 48' West, 6.32 chains to the East boundary of said County Road; thence North 2° 10' East, 1.59 chains to the place of beginning.

EXHIBIT "A"