## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     **JOEL C. GROSHONG**                    **CHAPTER 11**
             **Debtor**                        **CASE NO. 11-02179-KMS**

## SECOND AMENDED PLAN OF REORGANIZATION

Unless otherwise defined, the capitalized terms contained in this Second Amended Plan of Reorganization (the "Plan") shall have the same meanings as described in the Disclosure Statement. All capitalized terms used in the Plan not defined herein or in the Disclosure Statement, but which are defined in the Bankruptcy Code, shall have the respective meanings ascribed in the Bankruptcy Code. All capitalized terms used but not defined in the Plan, in the Disclosure Statement or in the Bankruptcy Code shall have the respective meanings ascribed in the Bankruptcy Rules.

## ARTICLE I

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

The Debtor classifies Claims in the following Classes:

**Class 1:**        **Administrative Claims**

**Class 2:**        **Priority Claims**

**Class 3:**        **Secured Claims of Bank of America fka Countrywide Home Loans ("BOA")**

**Class 4:**        **Secured Claim of Barbara Groshong ("Mrs. Groshong")**

**Class 5:**        **Secured Claim of Carolyn Vanderpool ("Ms. Vanderpool")**

**Class 6:**        **Secured Claim of Citizens Bank ("Citizens")**

**Class 7:**        **Secured Claim of Indymac Mortgage ("Indymac")**

**Class 8:**    **Secured Claims of JP Morgan Chase Bank ("Chase")**

**Class 9:**    **Secured Claim of Midland Loan Servicing ("Midland")**

**Class 10:**   **Secured Claim of Ralph C. Shivers ("Shivers Family Trust")**

**Class 11:**   **Secured Claim of M-III Forest Grove, LLC ("M-III")**

**Class 12:**   **Secured Claim of Wells Fargo Bank N.A. ("Wells Fargo")**

**Class 13:**   **General, Unsecured Claims**

## ARTICLE II.

### TREATMENT OF CLAIMS AND INTERESTS

The Claims as classified in Article I shall be satisfied as follows:

**Class 1:  Administrative Expense Claims.**

This Class consists of the administrative expenses and claims of professionals and of the United States Trustee under §503(b) of the Bankruptcy Code and all fees and charges assessed against the Debtor under Title 28 of the United States Code.  The compensation of professionals, such as attorneys and accountants, is subject to approval by the Court.  The timing of payment to such professionals for compensation for services rendered and reimbursement of expenses will be made as authorized and allowed by the Court.  The Court will review all requests for compensation and reimbursement of expenses.

All Class 1 expenses and claims for fees will be paid as provided for in future Court Orders, or as may be agreed upon, except that fees due to the Office of the United States Trustee will be paid as and when due until this Case is closed, converted or dismissed.  The administrative expense claims of Chase for taxes it advanced will be paid upon the Effective Date.

**Class 2:       Priority Claims**

Priority claims of tax authorities will be paid, with interest, as required by the Bankruptcy Code and State law.

**Class 3:       Secured Claims of Bank of America fka Countrywide Home Loan ("BOA")**

**Class 3A.**      The Secured Claim of BOA secured by a first mortgage upon a single family dwelling located at 624 24th Avenue, Hillsboro, OR 97123.  BOA actually has a first and second mortgage upon this property, although because the property is not worth the amount of the first mortgage, then the second mortgage is valueless.

The Debtor values this property at $150,000.00.

In order to pay the revised $150,000.00 principal indebtedness in this Class, the Debtor will amortize the $150,000.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The real estate taxes for this property are current, with the exception of real estate taxes that came due in November of 2012.  The Debtor will pay those taxes at least forty-five (45) days before any tax sale matures.

The Debtor will maintain adequate insurance coverage for this property.

**Class 3B.**      The Secured Claim of BOA secured by a first mortgage upon a triplex located at 2228 24th Avenue, Forest Grove, OR 97123.

The Debtor values this property at $150,000.00.

In order to pay the revised $150,000.00 principal indebtedness in this Class, the Debtor will amortize the $150,000.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The real estate taxes for this property are current, with the exception of real estate taxes that came due in November of 2012. The Debtor will pay those taxes at least forty-five (45) days before any tax sale matures.

The Debtor will maintain adequate insurance coverage for this property.

**Class 3C.** The Secured Claim of BOA secured by a first mortgage upon the Debtor's homestead located at 2009 Temple Road, Magnolia, Mississippi.

BOA has objected to the Debtor attempting to write down the value of his homestead to a more realistic value for the property. As BOA noted in its objection, first mortgages upon the primary residence of a debtor cannot be written down to the actual value of the mortgage. Accordingly, the Debtor is left with no choice but to pay the full amount of the BOA claim secured by his homestead. The claim is slightly over $300,000.00.

In order to pay the revised principal indebtedness (which the Debtor believes is slightly over $300,000.00) in this Class, the Debtor will amortize the principal indebtedness over 25 years, and pay the secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The real estate taxes for this property are current. The Debtor will pay future taxes as they become due.

The Debtor will maintain adequate insurance coverage for this property.

All Secured Claims of BOA are impaired under the Plan.

**Class 4:** **Secured Claim of Barbara Groshong ("Mrs. Groshong")**

Mrs. Groshong is the former spouse of Joel Groshong. This secured claim is secured by commercial property located 3127 Pacific Avenue, Forest Grove, OR that has a value of $523,000.00.

In order to pay the existing debt of approximately $424,000.00, the Debtor will amortize the $424,000.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The Debtor has made progress with respect to payment of the taxes owed in connection with the collateral. The Debtor will continue to reduce the tax obligations owed to the local taxing authorities and will pay tax claims at least 45 days before any tax sales that may have occurred mature. In addition, with respect to those post-petition taxes upon the property pledged as collateral to Mrs. Groshong, the Debtor will utilize sales proceeds from properties that are free and clear of liens to pay the administrative expense portions of these taxes as sales proceeds from the free and clear properties are received.

The Debtor will maintain adequate insurance coverage for this property.

In addition, the treatment of Mrs. Groshong shall be amended in accordance with the terms and conditions agreed to in that certain Agreed Order **[DK #519]** entered by the Court on January 18, 2013, a copy of which is attached hereto as **Exhibit "A"** and incorporated herein by reference.

In the event Mrs. Groshong votes to accept this treatment of her secured claim, the Debtor will stipulate and agree that her claims are nondischargeable as domestic support obligations, although in the event Mrs. Groshong does not vote to accept her treatment in this Class, the Debtor will dispute that the claims are nondischargeable obligations and that they are, instead, property settlement or contractual terms which are dischargeable.

The Secured Claim of Mrs. Groshong is impaired under the Plan.

**Class 5:**      **Secured Claim of Carolyn Vanderpool ("Ms. Vanderpool")**

The Secured Claim of Ms. Vanderpool secured by a second mortgage upon property located at 3127 Pacific Avenue, Forest Grove, OR.

Debtor values her second mortgage at $100,000.00.

In order to pay the revised $100,000.00 principal indebtedness in this Class, the Debtor will amortize the $100,000.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The Debtor has made progress with respect to payment of the taxes owed in connection with the collateral.  The Debtor will continue to reduce the tax obligations owed to the local taxing authorities and will pay tax claims at least 45 days before any tax sales that may have occurred mature.

The Debtor will maintain adequate insurance coverage for this property.

The Secured Claim of Ms. Vanderpool is impaired under the Plan.

**Class 6:**      **Secured Claim of Citizens Bank ("Citizens")**

The Secured Claim of Citizens is secured by a 1993 Tiffin Allegro Bay Motor Home. Repayment of the secured claim of Citizens is dictated in large part by the Court's prior agreed order, a copy of which was attached, incorporated by reference and marked as **Exhibit "E"** to the Disclosure Statement.  The Debtor will abide by the terms and conditions of **Exhibit "E"** until the Citizens claim is paid in full.

The Secured Claim of Citizens is impaired under the Plan.

**Class 7:**       **Secured Claims of Indymac Mortgage Services ("Indymac")**

**Class 7A.**       The Secured Claim of Indymac is secured by collateral located at 1103 Elm Street, Forest Grove, OR.

Debtor values the collateral $82,500.00.

In order to pay the revised $82,500.00 principal indebtedness in this Class, the Debtor will amortize the $82,500.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The real estate taxes for this property are current, with the exception of real estate taxes that came due in November of 2012. The Debtor will pay those taxes at least forty-five (45) days before any tax sale matures.

The Debtor will maintain adequate insurance coverage for this property.

The Debtor is attempting to sell this property and has received Court approval to market it. In the event the property is sold, it must be sold for the stipulated and agreed-upon amount in the Court's Order.

**Class 7B.**       The Secured Claim of Indymac is secured by collateral located at 4779 Venus Street, New Orleans, LA.

Debtor values the collateral $50,000.00.

In order to pay the revised $50,000.00 principal indebtedness in this Class, the Debtor will amortize the $50,000.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The real estate taxes owed in the connection with this secured claim will be paid before tax sales that may have occurred mature.

The Debtor will maintain adequate insurance coverage for this property.

All Secured Claims of Indymac are impaired under the Plan.

**Class 8:**      **Secured Claims of JP Morgan Chase Bank ("Chase")**

**Class 8A.**      The Secured Claim of Chase is secured by collateral located at 2335 Sunset Drive, Forest Grove, OR.

While the Debtor has valued the collateral that secures this claim at $153,000.00, Chase has elected to treat its claim as fully secured under 11 U.S.C. §1111(b)(2). Accordingly, the total amount of principal and interest paid to Chase within this subclass must equal the total amount of the Chase indebtedness, which is approximately $190,000.00.

In order to pay the revised $190,000.00 principal indebtedness in this Class, the Debtor will amortize the $190,000.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The real estate taxes for this property are current, with the exception of real estate taxes that will come due in November of 2012. The Debtor will pay those taxes as they become due.

The Debtor will maintain adequate insurance coverage for this property.

The secured claims of Chase under this subclass are impaired under the Plan only as to repayment terms and interest.

**Class 8B.**      The Secured Claim of Chase is secured by collateral located at 2809 22nd Avenue, Forest Grove, OR.

Chase has elected to treat this claim as a fully secured claim in light of its election under 11 U.S.C. §1111(b)(2).

In light of the Chase election, and its fully secured status, the Debtor will transfer the collateral back to Chase in full satisfaction of this claim.

The secured claims of Chase under this subclass are impaired under the Plan.

**Class 8C.**     The Secured Claim of Chase is secured by collateral located at 2347 Sunset Drive, Forest Grove, OR.

Chase has elected to treat this claim as a fully secured claim in light of its election under 11 U.S.C. §1111(b)(2).

In light of the Chase election, and its fully secured status, the Debtor will transfer the collateral back to Chase in full satisfaction of this claim.

The secured claims of Chase under this subclass are impaired under the Plan.

**Class 8D.**     The Secured Claim of Chase is secured by collateral located at 4737 Venus, New Orleans, LA.

Chase has elected to treat this claim as a fully secured claim in light of its election under 11 U.S.C. §1111(b)(2).

In light of the Chase election, and its fully secured status, the Debtor will transfer the collateral back to Chase in full satisfaction of this claim.

The secured claims of Chase under this subclass are impaired under the Plan.

**Class 8E.**     The Secured Claim of Chase is secured by collateral located at 17762 Mardee Lake, Oswego, OR.

While the Debtor has valued the collateral that secures this claim at $111,000.00, Chase has elected to treat its claim as fully secured under 11 U.S.C. §1111(b)(2). Accordingly, the total amount

of principal and interest paid to Chase within this subclass must equal the total amount of the Chase indebtedness, which is approximately $135,000.00.

In order to pay the revised $135,000.00 principal indebtedness in this Class, the Debtor will amortize the $135,000.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The real estate taxes for this property are current, with the exception of real estate taxes that will come due in November of 2012. The Debtor will pay those taxes as they become due.

The Debtor will maintain adequate insurance coverage for this property.

The secured claims of Chase under this subclass are impaired under the Plan only as to repayment terms and interest.

**Class 8F.**     The Secured Claim of Chase is secured by collateral located at 7045 Otter Crest Loop #11, Otter Rock, OR.

Chase has elected to treat this claim as a fully secured claim in light of its election under 11 U.S.C. §1111(b)(2).

In light of the Chase election, and its fully secured status, the Debtor will transfer the collateral back to Chase in fully satisfaction of this claim.

The secured claims of Chase under this subclass are not impaired under the Plan.

**Class 8G.**     The Secured Claim of Chase is secured by collateral located at 1327 Primrose Lane, Forest Grove, OR.

While the Debtor has valued the collateral that secures this claim at $206,000.00, Chase has elected to treat its claim as fully secured under 11 U.S.C. §1111(b)(2). Accordingly, the total amount

of principal and interest paid to Chase within this subclass must equal the total amount of the Chase indebtedness, which is approximately $315,000.00.

In order to pay the revised $315,000.00 principal indebtedness in this Class, the Debtor will amortize the $315,000.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The real estate taxes for this property are current, with the exception of real estate taxes that will come due in November of 2012.  The Debtor will pay those taxes as they become due.

The Debtor will maintain adequate insurance coverage for this property.

The secured claims of Chase under this subclass are impaired under the Plan only as to repayment terms and interest.

**Class 9:        Secured Claim of Midland Loan Servicing ("Midland")**

The Secured Claim of Midland is secured by a 100-Unit Apartment Complex located at 1300 - 14th St, McComb, Ms.  Subsequent to the filing of the original Plan of Reorganization, Midland sold its debt, security instruments and lien position to DLZ Capital ("DLZ").  The Debtor anbd DLZ have agreed to the treatment of DLZ for the life of the obligation.

Accordingly, as to the treatment of the claim of DLZ, the Debtor will make principal payments of $7,250.00 per month for 120 months (ten years) under an original principal balance of $1,273,810.85, with a balloon payment for the remainder due in ten (10) years.  No interest will be charged or accrued.  In addition, the Debtor will continue to escrow funds with DLZ for property taxes and insurance.

The Secured Claims of DLZ are impaired under the Plan.

**Class 10:**      **Secured Claim of Ralph C. Shivers ("Shivers Family Trust")**

The Secured Claim of Shivers Family Trust is secured by Sea Crest Lot #5, Otter Rock, OR.
The Debtor and the Shivers Family Trust entered into an Agreed Order providing for the payment
in full of Shivers claim. A copy of Agreed Order which was attached, incorporated by reference and
marked as **Exhibit "F "** to the Disclosure Statement.

The Secured Claim of Shivers Family Trust is impaired under the Plan.

**Class 11:**      **Secured Claims of M-III Forest Grove, LLC ("M-III")**

The Secured Claim of M-III is secured by collateral located at 22nd Avenue, Forest Grove,
OR.

Debtor values the collateral $850,000.00.

In order to pay the revised $850,000.00 principal indebtedness in this Class, the Debtor will
amortize the $850,000.00 principal indebtedness over 25 years, and pay that secured claim in equal
monthly installments of principal and interest over the 25 year period with interest at 4%.

The Debtor has made progress with respect to payment of the taxes owed in connection with
the collateral. The Debtor will continue to reduce the tax obligations owed to the local taxing
authorities and will pay tax claims at least 45 days before any tax sales that may have occurred
mature.

The Debtor will maintain adequate insurance coverage for this property.

**Class 12:**      **Secured Claim of Wells Fargo Bank N.A. ("Wells Fargo")**

The Secured Claim of Wells Fargo is secured by collateral located at 2517 26th Avenue,
Forest Grove, OR.

Debtor values the collateral $185,000.00.

In order to pay the revised $185,000.00 principal indebtedness in this Class, the Debtor will amortize the $185,000.00 principal indebtedness over 25 years, and pay that secured claim in equal monthly installments of principal and interest over the 25 year period with interest at 4%.

The Debtor has made progress with respect to payment of the taxes owed in connection with the collateral.  The Debtor will continue to reduce the tax obligations owed to the local taxing authorities and will pay tax claims at least 45 days before any tax sales that may have occurred mature.

The Debtor will maintain adequate insurance coverage for this property.

This Secured Claim of Wells Fargo is impaired under the Plan.

**Class 13:    General, Unsecured Claims**

The Holders of Allowed, General, Unsecured Claims will receive annual distributions from the Debtor that represent his projected disposable income pursuant to 11 U.S.C. §1129(a)(15)(B). The Debtor's projected disposable income will be determined by the Debtor's income(s), less living expenses, less taxes and less payments to Holders of Secured Claims.  The Debtor's net income will be paid to the holders of Allowed, General Unsecured Creditors for a period of sixty (60) months from and after the entry of an Order confirming the Plan.

## ARTICLE III

## CLOSING DATE

The Closing Date shall be ninety (90) days after Confirmation of the Plan, or such other date as an amended plan or the Order Confirming the Plan dictate.  The Effective Date of the Plan shall be ninety (90) days after the Order confirming the Plan becomes final and non-appealable.

## ARTICLE IV

## MEANS FOR EXECUTION OF THE PLAN

The Debtor's means of execution of the Plan will be provided from distributions of rental income to the Debtor from the two (2) Fir Cones entities that operate and manage the Debtor's properties, any other rental income that may be available and from the sale of property that is free and clear or that is subject to mortgages, all as mentioned within the motion for authority to sell property outside the ordinary course of business, and the Court's Order that was entered granting that Motion, to the extent the Order allows the Debtor to market those properties for sale.

In addition, the Debtor may have claims in connection with the disaster commonly referred to as the Deepwater Horizon disaster or the BP disaster. The Debtor has only initially looked into whether he has such a claim, but he mentions it here in order to avoid a later claim of judicial estoppel by the responsible entities including, but not limited to, BP Oil. The Debtor will pursue collection of any claims he has arising out of the disaster for the benefit of the unsecured creditors.

## ARTICLE V

## RATIFICATION OF THE PLAN

Alterations or modifications of the Plan may be approved by the Court without notice to Creditors if the Court finds that such alterations or modifications do not materially or adversely affect the interests of the Creditors. If any alterations or modifications of the Plan are proposed which Court finds to materially or adversely effect the interest of Creditors, notice and description of such alteration of modification shall be given to all Creditors adversely affected.

## ARTICLE VI

## INVALIDATION OF LIENS AND DISCHARGE

All liens securing Claims which are not Allowed pursuant to the provisions of the Plan or Bankruptcy Code Sections 502 and 506 shall be invalidated and deemed null and void and of no further force and effect.   The provisions of the confirmed Plan shall bind all Creditors and parties in interest, whether or not they accept the Plan and shall discharge the Debtor from all claims that arose prior to Confirmation.  The distributions provide under the Plan shall be in exchange for and in complete satisfaction, discharge and release of all Claims and Interests regarding any of the Debtor's assets or properties, including Claims arising after the date of filing of the Petition and prior to Confirmation.   Unless otherwise specifically provided to the contrary herein or in the Confirmation Order, on or after Confirmation, all Holders of Claims or Interests shall be precluded from asserting any Claim against the Debtor or his assets or properties.

The Debtor's discharge shall be granted when the Debtor completes all Plan payments.  The Bankruptcy Case may be closed before all payments are made.

## ARTICLE VII

## REVESTING OF PROPERTY

Except as otherwise provided herein, property of the Debtor shall revest in the Reorganized Debtor on the Effective Date.  Subsequent to the Effective Date, the Reorganized Debtor may buy, use, acquire, and dispose of property, free of any restrictions contained in the Bankruptcy Code.

## ARTICLE VIII

## UNITED STATES TRUSTEE'S FEES

The Debtor shall timely pay to the United States Trustee any and all post-confirmation quarterly fees as required by 28 U.S.C. § 1930(a)(6) until such time as this case is converted, dismissed or closed by the Court.  Additionally, the Debtor shall timely submit to the United States Trustee post-confirmation Monthly Operating Reports in the format prescribed by the United States Trustee until such time as this case is converted, dismissed or closed by the Court.

## ARTICLE IX

## JURISDICTION OF THE COURT

The Court shall retain jurisdiction until the Plan has been fully consummated including, but not limited to, the following purposes:

1.     Determination of all questions and disputes regarding title to the assets of the Debtor's estate and determination of all causes of action, controversies, disputes and conflicts, whether or not subject to action pending as of the Confirmation date, between the Debtor and any party, including, but not limited to, the right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

2.     The correction of any defect, curing of any omission, or reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of the Plan.

3.     Enforcement, modification or interpretation of the terms and the conditions of the Plan to the extent of appropriate under the Bankruptcy Rules and Title 11 of the United States Code.

4.     Entry of any Order, including injunctions, necessary to enforce the title, rights and powers as the Court may deem necessary.

5.     Entry of an Order concluding and terminating this Case upon completion of this provisions.

6.     The Debtor's discharge.

This, the ___ day of May, 2013.

Respectfully submitted,

JOEL C. GROSHONG

By His Attorneys,

LAW OFFICES OF CRAIG M. GENO, PLLC

By: _____
            Craig M. Geno

OF COUNSEL:

Craig M. Geno, Esq.; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

## CERTIFICATE OF SERVICE

I, Craig M. Geno, do hereby certify that I have caused to be served this date, via electronic filing transmission, a true and correct copy of the above and foregoing to the following:

Christopher J. Steiskal, Esq.
Christopher.J.Steiskal@usdoj.gov

THIS, the ___ day of May, 2013.

_____
Craig M. Geno

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     **JOEL C. GROSHONG**                      **CHAPTER 11**
               **Debtor**                            **CASE NO. 11-02179-KMS**

### AGREED ORDER

THIS CAUSE is before the Court on the ***Motion to Sell Property of the Debtor-in-Possession, Free and Clear of Liens, Claims and Interests Outside the Ordinary Course of Business (3127 Pacific Avenue, Forest Grove, Oregon 97116)*** **[DK #433]** (the "Sale Motion") filed herein by Joel C. Groshong (the "Debtor"), the objection thereto of Barbara Groshong **[Dk #441]**, and the Court being advised that the objection of Barbara Groshong has been resolved as provided herein and being otherwise fully advised in the premises finds as follows, to-wit:

    1.     This Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §§157 and 1334; 11 U.S.C. §§105, 361, 363, 365, 1107 and related statutes and rules, as well as various orders of reference. This is a core proceeding.

    2.     On June 20, 2011(the "Petition Date"), the Debtor filed his Voluntary Petition for reorganization with this Court under Chapter 11 of the Bankruptcy Code. The Debtor is continuing to operate as Debtor-in-Possession pursuant to §§1107 and 1108 of the Bankruptcy Code. To date, no trustee, examiner or official committee has been appointed in this case.

{JX036660.2}

**EXHIBIT**

"A"

3.     In the exercise of the Debtor's best business judgment, the Debtor has made the business judgment decision to liquidate some of his assets in an effort to generate cash to pay the indebtedness of creditors.   Specifically, the Debtor owns real estate located at 3127 Pacific Avenue, in Forest Grove, Oregon (the "Real Property") which he desires to sell. A copy of the property description is attached as Exhibit "A."

4.     The Real Property is presently being held by the Debtor.

5.     The Real Property is encumbered by the first lien of Barbara Groshong and the second lien of Carolyn Vanderpool. Additionally, real estate taxes are past due.

6.     The Debtor believes the Real Property should be worth at least $650,000 which shall be the minimum sales price or floor price.   The Debtor is authorized to market the Real Property for at least the floor price.   In the event the Debtor secures a Purchaser for at least the floor price for the Real Property, he shall immediately file an Emergency Motion to approve and consummate the proposed sales transaction and ask the Court to set said Emergency Motion on an expedited basis in order to avoid the waiting period that would ordinarily be required under the circumstances.

7.     The sale of the Real Property as provided herein is in the best interests of the estate, its creditors and parties-in-interest.   The floor purchase price, as described herein, is fair, reasonable and appropriate.

8.     The sale of the Real Property is an appropriate exercise of the Debtor's business judgment and the Debtor is authorized to market the Real Property.

9.     The objection of Barbara Groshong is resolved as follows:

{JX036660.2}

–2–

a.  The Debtor has proposed a "surcharge" against the sales proceeds to pay his reasonable professional fees and expenses in an amount to ultimately be determined by the Court.   No determination is made at this time as to whether a surcharge is permissible or, if permissible, the amount thereof, and the parties are reserved all rights, claims and defenses as to such surcharge.

b.  At closing, the following amounts shall be paid: (1) all outstanding taxes, along with interest; and (2) all amounts owed to creditors with liens on the Real Property, including Mrs. Groshong's secured claim (principal, interest, and legal fees and expenses), minus any disputed surcharge amounts.   Any disputed surcharge amounts shall be deposited into a debtor-in-possession account and shall not be disbursed except upon further order of the Court.

c.  Debtor is required to continue making regular monthly payments when due to Mrs. Groshong until a sale is consummated and the proceeds distributed to Mrs. Groshong as provided above.

d.  Debtor is required to maintain insurance continuously until the Real Property has been sold and Mrs. Groshong's claim has been paid in full.   The Debtor must continuously list Mrs. Groshong as a loss payee on the policy and the policy must be for an amount no less than that necessary to provide Mrs. Groshong with a full recovery of her claim in the event of a loss.

e.  Neither the Motion nor this Order prejudices Mrs. Groshong or alters her right to object to the Emergency Motion described in paragraph 6 above, confirmation, or

{JX036660.2}

any other rights she may have if the proposed sale is not completed prior to the confirmation process.

SO ORDERED.

Katharine M. Samson
United States Bankruptcy Judge
Dated: January 18, 2013

AGREED TO AND APPROVED:

Craig M. Geno, Esq.
Attorney for the Debtor

Jeffrey R. Barber, Esq.
Attorney for Barbara Groshong

SUBMITTED BY:

Craig M. Geno; MSB No. 4793
LAW OFFICES OF CRAIG M. GENO, PLLC
587 Highland Colony Parkway (39157)
P. O. Box 3380
Ridgeland, MS 39158-3380
601-427-0048 - Telephone
601-427-0050 - Facsimile

{JX036660.2}

—4—

## Exhibit "A"

Real property in the  County of Washington, State of Oregon, described as follows:

A PARCEL OF LAND LOCATED IN SECTION 32, TOWNSHIP 1 NORTH, RANGE 3 WEST OF THE WILLAMETTE MERIDIAN, IN THE COUNTY OF WASHINGTON AND STATE OF OREGON, MORE PARTICULARLY DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT 28.385 CHAINS EAST OF AN IRON STAKE SET ON THE EAST LINE OF SEVENTH STREET AND THE CENTER OF THE BASELINE ROAD IN THE CITY OF FOREST GROVE; RUNNING
THENCE EAST 3.42 CHAINS ALONG THE CENTER OF BASELINE ROAD;
THENCE NORTH 5.84 CHAINS ALONG THE WEST LINE OF THAT TRACT OF LAND CONVEYED TO EDWARD SY, BY DEED RECORDED NOVEMBER 22, 1909 IN BOOK 84, PAGE 578, WASHINGTON COUNTY DEED RECORDS; THENCE WEST 3.42 CHAINS ALONG THE SOUTH LINE OF CONDONETT CONDOMINIUMS, A DULY RECORDED PLAT IN WASHINGTON COUNTY; THENCE SOUTH 5.84 CHAINS ALONG THE EASTERLY LINE OF VANDERVELDEN TRACTS NO. 2, A DULY RECORDED PLAT IN WASHINGTON COUNTY, TO THE POINT OF BEGINNING.

EXCEPTING THEREFROM THAT CERTAIN TRACT HERETOFORE CONVEYED TO MYRON SHEELAR AND LILLIAN SHEELAR, HUSBAND AND WIFE, BY DEED RECORDED SEPTEMBER 13, 1955 IN BOOK 386, PAGE 104, WASHINGTON COUNTY DEED RECORDS.

Tax Parcel Number: R0749649