UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:     JOEL C. GROSHONG     CASE NO.    11-02179-KMS

            DEBTOR                               CHAPTER    11

**UNITED STATES TRUSTEE'S OBJECTION TO
DEBTOR'S MOTION TO APPROVE FINAL ACCOUNTING,
DEBTOR'S MOTION TO CLOSE CHAPTER 11 CASE, AND TO
DEBTOR'S MOTION FOR DISCHARGE**

COMES NOW David W. Asbach, Acting United States Trustee for Region 5 ("UST"), by and through undersigned counsel, and files this objection to the Debtor's Motion to Approve Final Accounting (DKT. #1059), Debtor's Motion to Close Case (DKT. #1062), and the Debtor's Motion for Discharge (DKT. #1065) in the above styled and numbered cause, and in support thereof respectfully submits the following:

1. The Debtor's Chapter 11 Final Report and Accounting (the "FRA," DKT. #1059, at p. 4), attached to the Motion to Approve Final Accounting, only covers the Debtor's pre-confirmation reporting period, from the filing date of June 20, 2011, through July 29, 2013.

2. The FRA should cover the time period of the filing date through the date of the FRA, which would include all pre-confirmation time and most of the post-confirmation period.[1]

3. For example, in paragraph #4 of his Motion to Approve Final Accounting, the Debtor states "he has paid a total of $235,355.46" in fees and expenses to counsel for the Debtor. However, in the FRA, the Debtor states he has only paid a total of $14,804.65 to his attorney. Also, the Debtor's FRA states that the Debtor has a paid a total of $4,875.00 in quarterly UST fees.

---

[1] Local Rule 3022-1(a)(3) states, "The debtor (or trustee, if any) shall file a final report and account in the form prescribed by the United States Trustee on or before fourteen (14) days prior to the hearing on any motion to close the case. Miss. Bankr. L.R. 3022-1(a)(3).

1

But the Debtor has paid a total of $12,350.00 in quarterly UST fees from the date of filing through the date of this objection.

4. After reviewing the disbursements in all of the Debtor's monthly operating reports ("MORs"), the UST calculates that the Debtor has disclosed a total amount of $381,498.00 in both pre-confirmation and post-confirmation disbursements through the September 2019 MOR (DKT. #1071).

5. In his FRA, the Debtor states that he has paid a total of $424,230.78 just to secured creditors. This amount is larger than the total disbursements disclosed in all of the Debtor's MORs.

6. In his Motion to Close Chapter 11 Case (DKT. #1062), the Debtor states in paragraph #6 that he "has submitted all outstanding quarterly Trustee's fees due and owing through the second quarter of 2019."

7. The UST denies that the Debtor has submitted all outstanding quarterly fees through the second quarter of 2019. Since the total amount of disbursements in the Debtor's MORs does not match the total amount of disbursements made to secured creditors in the Debtor's FRA, the UST is unsure if some Debtor disbursements were omitted from the Debtor's MORs.

8. Since the time period in the FRA is incorrect, the UST is unsure at this time if all Debtor disbursements have been reported, so this case should not be closed until this administrative expense issue is resolved.

9. Also, the Debtor should not be granted a discharge until this issue is resolved. The UST asserts that the bankruptcy court is the only forum in which he can collect fees due under 28 U.S.C. § 1930.

10. Additionally, the Confirmation Order in this case, entered on July 29, 2013, requires the Debtor to "timely pay to the UST any and all post-confirmation quarterly fees as

required by 28 U.S.C. § 1930(a)(6) until such time as this case is converted, dismissed or closed by the Court." DKT. #591, at p. 11.

11. The UST requests that neither this case be closed nor the Debtor receive his discharge until the Debtor files an amended FRA and these disbursement matters are resolved regarding quarterly UST fees.

WHEREFORE, PREMISES CONSIDERED, the United States Trustee respectfully prays that the Court deny the Debtor's Motion to Approve Final Accounting, Debtor's Motion to Close Case, and the Debtor's Motion for Discharge at this time. The United States Trustee further prays for such other general and equitable relief to which entitled.

RESPECTFULLY SUBMITTED, this the 31st day of October, 2019.

>DAVID W. ASBACH
>Acting United States Trustee
>Region 5, Judicial Districts of
>Louisiana and Mississippi
>
>By: /s/Christopher J. Steiskal, Sr.
>CHRISTOPHER J. STEISKAL, SR.

CHRISTOPHER J. STEISKAL, SR. (MSB #101654)
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE, REGION 5
501 EAST COURT STREET, SUITE 6-430
JACKSON, MISSISSIPPI 39201
TEL: (601) 965-5241
FAX: (601) 965-5226
EMAIL: christopher.j.steiskal@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served this day on the below named individual(s) via first class U.S. Mail at the address listed below or by Notice of Electronic Filing via the email address on file with the Court's CM/ECF system:

Craig M. Geno

DATED, this the 31st day of October, 2019.

*/s/Christopher J. Steiskal, Sr.*
CHRISTOPHER J. STEISKAL, SR.